1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DANIEL KAHAKU,                              Case No.   1:21-cv-01597-JLT-HBK (HC)

12                    Petitioner,                 FINDINGS AND RECOMMENDATIONS TO
                                                  GRANT RESPONDENT'S MOTION TO
13           v.                                   DISMISS[1]

14    PATRICK COVELLO, Warden,                    (Doc. No. 12)

15                    Respondent.                 FINDINGS AND RECOMMENDATIONS TO
                                                  DENY PETITIONER'S MOTION TO STAY
16
                                                  (Doc. No. 8)
17
                                                  FOURTEEN-DAY OBJECTION PERIOD
18

19

20           Petitioner Daniel Kahaku, a state prisoner, initiated this action by filing a pro se petition

21   for writ of habeas corpus under 28 U.S.C. § 2254 on November 1, 2021.  (Doc. No. 1, "Petition").

22   Petitioner also filed a Motion to Stay on December 29, 2021.  (Doc. No. 8).  In response,

23   Respondent filed a Motion to Dismiss and incorporated therein an opposition to Petitioner's

24   Motion to Stay.  (Doc. No. 12).  Petitioner filed an opposition to the Motion to Dismiss and a

25   reply to Respondent's opposition to the Motion to Stay.  (Doc. No. 17).  Respondent filed a reply.

26   (Doc. No. 21).  For the reasons set forth more fully below, the undersigned recommends granting

27   _____

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).

1    Respondent's Motion to Dismiss and denying Petitioner's Motion to Stay.

2                                    **I. BACKGROUND**

3          Petitioner is serving an indeterminate state prison sentence of twenty-five years to life for

4    his 2000 conviction for conspiracy to introduce a controlled substance into a state prison that was

5    entered by the Kern County Superior Court.  (*See* Doc. No. 1 at 17).  Petitioner was sentenced as

6    a third strike defendant pursuant to the "Three Strikes" law.  (*Id*. at 35).  On April 27, 2018,

7    Petitioner filed a petition to recall his sentence pursuant to the Three Strikes Reform Act of 2012

8    ("Proposition 36"). [2]  *See* Cal. Penal Code § 1170.126.  Absent a showing of good cause, a

9    defendant seeking resentencing under Proposition 36 was required to file a petition within two

10   years of Proposition 36's passage on November 7, 2012.  *Id*. at § 1170.126(b).  The state trial

11   court denied Petitioner's Proposition 36 petition as untimely, and the court of appeal affirmed the

12   trial court denial finding "there is nothing in the record that supports a finding of good cause to

13   excuse defendant's filing by any standard of good cause."  (Doc. No. 1 at 40).  The state supreme

14   denied Petitioner's petition for review.  (*Id*. at 43).

15         The Petition currently pending before the Court raises one ground for relief: the state court

16   abused its discretion in denying Petitioner's Proposition 36 petition as untimely because good

17   cause existed to excuse the late filing of the petition.  (*Id*. at 2, 19).  As good cause, Petitioner

18   claims he should be excused from the late filing of his Proposition 36 petition because he was not

19   contacted by an attorney, "causing him to believe that he was not eligible for relief and the

20   mistaken belief that an attorney would be provided to him."  (*Id*. at 24).

21         Respondent seeks dismissal of the federal Petition on the basis that the Court lack

22   jurisdiction because the sole claim raised in the Petition is not cognizable on federal habeas

23   ──────────────

24   [2] On November 7, 2012, Proposition 36, also known as the Three Strikes Reform Act of 2012, which
     modified California's Three Strikes law as it applies to certain third-strike indeterminate sentences,
     became effective. *See* Cal. Penal Code § 1170.126 (codifying Proposition 36 § 6).  Proposition 36 "created
25   a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence
     imposed pursuant to the [T]hree [S]trikes law for a crime that is not a serious or violent felony and who is
26   not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless
     the court determines that resentencing would pose an unreasonable risk of danger to public
27   safety." *See People v. Yearwood*, 213 Cal. App. 4th 161, 168 (2013).  Any such petition was required to
     be filed "within two years after the effective date of the [A]ct [November 7, 2012] … or at a later date
28   upon a showing of good cause."  Cal. Penal Code § 1170.126(b).

                                              2

review.  (Doc. No. 12 at 3-5).  In the alternative, Respondent contends that the Petition is time-barred.  (Id. at 5-6).  As a corollary, Respondent argues in response to Petitioner's motion to stay in order to exhaust his claim as federalized, that any stay would be futile because the Petition is untimely and, even if exhausted, the claim still would not be cognizable on federal habeas.  (*Id*. at 7).  In opposition, Petitioner summarily argues that the federal Petition is timely and contends that the Court "has jurisdiction to review Petitioner's state's [sic] claim for the violation of the Due Process Clause where regarding the state's failure to follow state law procedure – in which Petitioner had a constitutionally protected right to have counsel assist in the filing of his Proposition 36 petition."  (Doc. No. 17 at 7-8).  In the alternative, Petitioner requests that "if the court should rule Petitioner did not federalize his claims, he should be granted leave to exhaust his claims in the state courts."  (*Id*. at 9).  Respondent replies that Petitioner's assertion of right to counsel does not federalize his claim that the state court improperly denied his Proposition 36 petition for resentencing as untimely.  (Doc. No. 21 at 2).

## II.  APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent."  A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

### A.  Respondent's Motion to Dismiss Should Be Granted

"[F]ederal habeas corpus relief does not lie for errors of state law."  *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).  "The habeas statute 'unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or

treaties of the United States.'"  *Swarthout*, 562 U.S. at 219 (internal citations omitted).  "'[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'"  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (internal citations omitted).  A challenge to the provisions of a state sentencing law does not generally state a federal habeas claim.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  Rather, a federal habeas court is bound by the state court's determination concerning the provisions of state law.  *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (quoting *Estelle*, 502 U.S. at 67-68 ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.")).  On federal habeas review, the question "is not whether the state sentencer committed state-law error," but whether the sentence imposed on the petitioner is "so arbitrary and capricious" as to constitute an independent due process violation.  *Richmond v. Lewis*, 506 U.S. 40, 50 (1992).

       As an initial matter, it is well-settled that a state court's denial of a motion to recall a sentence under Proposition 36 is a purely state law claim and therefore is not cognizable in federal habeas.  *See Wren v. Ndoh*, 2020 WL 2126614, at *5 (E.D. Cal. May 5, 2020), *report and recommendation adopted*, 2020 WL 3057807 (E.D. Cal. June 9, 2020); *Sandoval v. CSP Sacramento Warden*, 2019 WL 1438554 (E.D. Cal. Apr. 1, 2019); *Tuggle v. Perez*, 2016 WL 1377790, at *7 (E.D. Cal. Apr. 7, 2016) (collecting cases holding that denial of motion to recall sentence does not state a cognizable claim on federal habeas review);*Olivarez v. Lizarraga*, 2015 WL 521431, at *3 (E.D. Cal. Feb. 9, 2015) (noting that "no federal court addressing this issue has found federal challenges to the Three Strikes Reform Act cognizable in federal habeas.").

       Petitioner does not argue that the state court improperly denied his motion for recall under Proposition 36 on the merits, but instead challenges the state court's denial of his Proposition 36 motion as an abuse of discretion on the basis that good cause existed to excuse the late filing of his  petition.  (*See* Doc. No. 1 at 19 (also "inviting" the Court to find that the case relied on by court of appeals in denying his petition as untimely, *People v. Drew*, 16 Cal. App. 5th253 (Ct. App. 2017), was improperly decided because it "failed to consider the spirit of the Three Strike Reform Act")).  The record reveals the California Court of Appeal reviewed Petitioner's claim

that the trial court abused its discretion in denying his Proposition 36 petition because good cause

existed to excuse the late filing of his petition, and found as follows:

> The record contains no indication that Defendant took any action to
> seek relief for almost five and one-half years – from the November
> 7, 2012, effective date of the Act to the April 27, 2018, filing of his
> petition.  Defendant filed his petition nearly three and one-half
> years after the deadline set by section 1170.126.  Defendant
> contends it was reasonable for him to believe an attorney would
> contact him if he was eligible for relief, but the same argument was
> rejected in *Drew*. (*Drew*, [] 16 Cal.App.5that p. 260 ["[T]he delay
> was lengthy and the reason for [the defendant's] inactivity is
> unexplained except by the absence of a lawyer proactively advising
> him regarding his rights and remedies."].)  We conclude defendant
> failed to demonstrate good cause to excuse the late filing of his
> petition.

> Defendant contends that the *Drew* court was wrong to borrow from
> section 1382 jurisprudence for the good cause standard because the
> legislative intent behind speedy trial law is different from that of the
> Act. He describes the intent of the Act as 'to restore justice and
> save money …." While we agree with defendant's description of
> the goals of the Act, section 1170.126 also makes clear that the time
> for relief is not indefinite.  The trial court was not required to
> excuse defendant's three and one-half year late filing merely
> because defendant may have been eligible for relief if the petition
> had been timely filed.  Even if we did agree that *Drew* was wrongly
> decided, and a different standard of good cause should apply – we
> do not – there is nothing in the record that supports a finding of
> good cause to excuse defendant's late filing by any standard of
> good cause.

(Doc. No. 1 at 39-40).

Generally, "[f]ederal habeas courts lack jurisdiction ... to review state court applications of

state procedural rules."  *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999);*see also Banjo v.

Ayers*, 614 F.3d 964, 968 (9th Cir. 2010) ("A California court's determination that a filing was

untimely ... is dispositive."); *see also Williams v. Borg*, 139 F.3d 737, 740 (9th Cir. 1998) (federal

habeas relief available "only for constitutional violation, not for abuse of discretion.").  *Gerlaugh*

*v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997) ("Errors in the state post-conviction review

process [are] not addressable through federal habeas corpus proceedings.").  Thus, Petitioner's

claim that the trial court abused its discretion and misapplied state law when it denied his

Proposition 36 motion as untimely is not a cognizable ground on federal habeas review.

Similarly, this Court does not have jurisdiction to consider whether the state court's decision in

5

*People v. Drew*, was "improperly decided." *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (holding that a "state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). Whether the state court complied with California statutes and case law governing state post-conviction proceedings is a matter of state law that is not "addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989). In the absence of allegations that he is in custody in violation of the United States Constitution or federal law, the Court finds the Petition does not present a cognizable federal claim for habeas relief.

In response to Respondent's Motion to Dismiss, Petitioner asserts this "Court has jurisdiction to review Petitioner's [sic] state's claim for the violation of the Due Process Clause where regarding the state's failure to follow state law procedure – in which Petitioner had a constitutionally protected right to have counsel assist in the filing of his Proposition 36 petition." (Doc. No. 17 at 7-8). In sum, Petitioner argues he was deprived of his right to counsel when counsel failed to notify him that he had the right to file a petition to recall his sentence within two years of passage of Proposition 36, thereby "forcing him to file after the two year limitation resulting in the trial court's denial of his petition for resentencing." (*Id*. at 8).

The Court finds this argument unavailing. Despite Petitioner's claim in his opposition to Respondent's Motion to Dismiss that the Court has jurisdiction to consider his ground for relief because it "involves a simple question of whether Petitioner had a due process right to counsel," Petitioner did not advance a ground for relief based on a due process violation, ineffectiveness of counsel claim, or any other constitutional violation in his Petition. (*See* Doc. No. 1). Further, even if he did, this is not the ground that he raised in the state courts on appeal. A petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)(1). Exhaustion is a "threshold" matter that must be satisfied before the court can consider the merits of each claim. *Day v. McDonough*, 547 U.S. 198, 205 (2006).

Petitioner appears to concede that he has not exhausted a due process or other federal claim and thus, sought a stay in order to "exhaust federal due process claims in the state courts."

1    (*See* Doc. No. 8).  Because this claim is without merit, the undersigned may address this claim

2    even if it not exhausted.  28 U.S.C. § 2254(b)(2) (petition may be denied, but not granted,

3    notwithstanding failure to exhaust).

4          First, it is well-settled that a petitioner may not, as he attempts to do here, transform a

5    state-law issue into a federal one simply be asserting a violation of due process.  *Langford v. Day*,

6    110 F.3d 1380, 1389 (9th Cir. 1997); *Ortiz v. Jacquez*, 2010 WL 3270755, at *3 (C.D. Cal. 2010)

7    ("Nor would any attempt by petitioner to characterize this state law abuse of discretion claim as a

8    violation of his federal constitutional right to due process be sufficient to render the claim

9    cognizable."); *Tuggle v. Perez*, 2016 WL 1377790, at *7 (E.D. Cal. Apr. 7, 2016) (collecting

10    cases holding that denial of motion to recall sentence does not state cognizable claim on federal

11    habeas review).

12          Second, as argued by Respondent, "the assertion of the right to counsel does not federalize

13    his claim that the state court improperly denied his resentencing petition as untimely."  (Doc. No.

14    21 at 2).  Petitioner argues he was "deprived" of his constitutionally protected right to have

15    counsel assist in the filing of his Proposition 36 petition because "counsel" failed to notify him

16    that he had the right to file a petition to recall his sentence within two years of passage of

17    Proposition 36.  (Doc. No. 17 at 7-8).  However, the Supreme Court has "never held that

18    prisoners have a constitutional right to counsel when mounting collateral attacks upon their

19    convictions"; rather, "the right to appointed counsel extends to the first appeal as of right, and no

20    further."  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Because there is no constitutional

21    right to counsel in state post-conviction collateral proceedings for a non-capital defendant such as

22    Petitioner, any claim that he was deprived of his "due process rights" because undefined

23    "counsel" failed to notify him of the opportunity to file a petition to recall his sentence under

24    Proposition 36 is insufficient to render his state law claims cognizable on federal habeas review.

25    *See Coleman v. Thompson*, 501 U.S. 722, 756 (1991) ("criminal defendant has no right to counsel

26    beyond his first appeal in pursuing state discretionary or collateral review"); *United States v.*

27    *Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (defendant had no Sixth Amendment right to counsel

28    in proceeding on motion to reduce sentence under amendment to sentencing guidelines); *Schrubb*

7

1    *v. Kernan*, 2020 WL 789235, at *2 n.3 (E.D. Cal. Feb. 18, 2020) ("to the extent that Proposition

2    47 proceedings are post-conviction collateral proceedings, petitioner had no federal constitutional

3    right to counsel for his Proposition 47 proceedings.").

4        Based on the foregoing, the undersigned recommends the Petition be dismissed for failure

5    to state a cognizable federal habeas claim.[3]

6                **B. Petitioner's Motion to Stay is Moot or Should be Denied**

7        After filing his Petition, Petitioner filed a motion to stay the case to permit him an

8    opportunity to "bring a due process claim to the state courts due to the state court's refusal to

9    consider his [Proposition 36] petition on the merits." (Doc. No. 8 at 2). In his reply brief,

10   Petitioner further argues his "constitutional right to counsel was violated when counsel did not

11   contact him within two years of passage of Proposition 36, forcing him to file after the two year

12   limitation resulting in the trial court's denial of his petition for resentencing." (Doc. No. 17 at 8).

13   As discussed above, the Court finds that sole claim raised in the Petition is not cognizable and

14   should be dismissed for lack of jurisdiction. Petitioner has not otherwise filed an amended

15   petition and articulated a federal claim. Thus, arguably, there is no unexhausted claim raised in

16   the Petition to warrant consideration of a stay, and the motion to stay is moot.

17       In the alternative, even were the Court to consider the merits of Petitioner's motion to stay

18   to the extent Petitioner wishes to raise a federalized due process or ineffective assistance of

19   counsel claim, the undersigned recommends it be denied. Where a federal habeas petitioner has

20   failed to exhaust a claim in the state courts, he may ask the federal court to stay its consideration

21   of his petition while he returns to state court to complete exhaustion. Two procedures may be

22   used in staying a petition: one provided for by *Rhines v. Weber*, 544 U.S. 269 (2005), and the

23   other by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002). As noted by Respondent, Petitioner does

24   not indicate whether he is requesting a stay under *Rhines* or *Kelly*. (Doc. No. 12 at 6-7; Doc. No.

25   8). In his reply, Petitioner appears to indicate that he should be granted "leave to exhaust his

26

27   [3] As the undersigned has concluded that Petitioner's claim is not cognizable on federal habeas corpus
     review, it is unnecessary to consider Respondent's alternative argument that the Petition is untimely. *See
     Cooper v. Neven*, 641 F.3d 322, 327-28 (9th Cir. 2011) (stating that when a particular issue is dispositive,

28   a district court "need not consider alternative reasons for dismissing the petition.").

1    claims in the state courts" pursuant to *Rhines* as he summarily argues there was good cause for

2    the failure to exhaust, the unexhausted claims are not plainly meritless, and petitioner did not

3    engage in abusive litigation tactics or intentional delay.  (Doc. No. 17 at 9).

4         Under *Rhines*, stay and abeyance is appropriate if "the petitioner had good cause for his

5    failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication

6    that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278;

7    *Bolin v. Baker*, 994 F.3d 1154, 1156 (9th Cir. 2021).  Under *Kelly*, a court may stay and hold in

8    abeyance a fully exhausted petition, affording a petitioner the opportunity to proceed to state

9    court to exhaust unexhausted claims. Once the additional claims have been exhausted, the

10   petitioner may then amend his federal habeas petition, adding them to the original petition.  *See*

11   *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir.) (discussing procedure).

12        Regardless, neither *Rhines* nor *Kelly* support staying a petition, when, as here, the claim to

13   be exhausted is not cognizable on federal habeas or plainly meritless, "a stay should not be

14   granted under *Rhines* or *Kelly* because a stay would be futile."  (Doc. No. 12 at 7); *see Gonzales*

15   *v. Pfeffer*, 2020 WL 5520597, at *4-5 (C.D. Cal. Aug. 6, 2020) (finding Petitioner was not

16   entitled to a stay under *Rhines* or *Kelly* because his claim concerning denial of his petition for

17   resentencing was noncognizable on federal habeas review); *Montes v. Frauenhiem*, 2020 WL

18   2139334, at *2 (C.D. Cal. 2020) (finding a stay under *Kelly* or *Rhines* would be futile because the

19   claim in question was not cognizable, and specifically noting that petitioner's attempt to frame his

20   state law sentencing claim as "one involving a violation of his federal constitutional right to due

21   process" did not render the claim cognizable); *Bell v. Arnold*, 2017 WL 4174402, at *3 (C.D. Cal

22   Aug. 31, 2017) ("Obviously, there is no reason for a court to exercise its discretion to stay an

23   action if the claim for which the stay is sought is not cognizable or is plainly meritless, as such a

24   stay would be a fruitless and time-wasting event.")  Accordingly, the undersigned recommends

25   Petitioner's motion for a stay be denied.

26                        **III. CERTIFICATE OF APPEALABILITY**

27        State prisoners in a habeas corpus action under § 2254 do not have an automatic right to

28   appeal a final order.  *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36

1   (2003).  To appeal, a prisoner must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(2);

2   *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a

3   certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule

4   22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Where, as here, the court

5   denies habeas relief on procedural grounds without reaching the merits of the underlying

6   constitutional claims, the court should issue a certificate of appealability only "if jurists of reason

7   would find it debatable whether the petition states a valid claim of the denial of a constitutional

8   right and that jurists of reason would find it debatable whether the district court was correct in its

9   procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar

10  is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist

11  could not conclude either that the district court erred in dismissing the petition or that the

12  petitioner should be allowed to proceed further." *Id*.  Here, reasonable jurists would not find the

13  undersigned's conclusion debatable or conclude that petitioner should proceed further.  The

14  undersigned therefore recommends that a certificate of appealability not issue.

15          Accordingly, it is **RECOMMENDED**:

16          1.  Respondent's Motion to Dismiss (Doc. No. 12) be **GRANTED**.

17          2.  Petitioner's Motion to Stay (Doc. No. 8) be found MOOT or be **DENIED**.

18          3.  The Petition (Doc No. 1) be dismissed.

19          4.  Petitioner be denied a certificate of appealability.

20  ////

21  ////

22  ////

23                          **NOTICE TO PARTIES**

24          These findings and recommendations will be submitted to the United States district judge

25  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days

26  after being served with these findings and recommendations, a party may file written objections

27  with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

28  Recommendations."  Parties are advised that failure to file objections within the specified time may

result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


Dated:    July 26, 2022    

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

11